**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4739**

_____

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

DANNY LEE LANGLEY,

  Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:11-cr-00243-FL-1)

_____

Submitted:  May 13, 2013          Decided:  May 21, 2013

_____

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny Lee Langley pled guilty, pursuant to a written plea agreement, to bribery and aiding and abetting, in violation of 18 U.S.C. §§ 666 and 2 (2006). The district court sentenced Langley to eighty-four months' imprisonment. Langley appeals. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court imposed a substantively unreasonable sentence. Langley was informed of his right to file a pro se supplemental brief but has not done so. The Government has moved to dismiss the appeal based on the appellate waiver provision in Langley's plea agreement. We dismiss in part and affirm in part.

We review the validity of an appeal waiver de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Where the government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). In determining whether a defendant's appeal waiver was both knowing and intelligent, we must examine the totality of the circumstances, including the defendant's

2

experience, conduct, educational background, and familiarity with the agreement's terms. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). "An appeal waiver 'is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver.'" United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (quoting United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)).

We conclude that Langley's waiver was valid and enforceable as to issues within its scope. Under the plea agreement, Langley specifically waived his right to appeal a sentence within or below the Guidelines range established by the district court[*] at sentencing. Because Langley, in fact, received such a sentence, we grant the motion to dismiss insofar as the appeal addresses the propriety of Langley's sentence.

In accordance with Anders, we have reviewed the record in this case and have found no non-waivable, potentially meritorious issues that fall outside the scope of the plea agreement. We therefore grant the Government's motion to

---

[*] Langley consented to arraignment by magistrate judge. See 28 U.S.C. § 636 (2006).

3

dismiss in part and dismiss the appeal of Langley's sentence. We also deny the motion to dismiss in part and affirm the district court's judgment as to all remaining issues. This court requires that counsel inform Langley, in writing, of the right to petition the Supreme Court of the United States for further review. If Langley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Langley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART